

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,183-01

### EX PARTE SKEETER RAY RUCKER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. L-14-0122-CR-HC1 IN THE 156TH DISTRICT COURT FROM LIVE OAK COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted of evading arrest. He was sentenced to thirty years' imprisonment. He did not appeal his conviction.

Applicant contends that he was not given notice of an extraneous offense used against him. The indictment charges Applicant with evading arrest using a vehicle and allege two sequential felony convictions. As charged, this offense is a state jail felony. TEXAS PENAL CODE §38.04(1)(B). The indictment does not allege any serious bodily injury, nor does it allege that

Applicant had been previously convicted of evading arrest. As indicted, this charge would be subject to a punishment range of 2-20 years' incarceration. TEXAS PENAL CODE §12.425(b). Applicant's sentence may be outside of the applicable punishment range.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to whether Applicant was previously convicted of evading arrest. The trial court shall make findings as to whether Applicant was aware of the proper punishment range for the offense. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed:  December 9, 2015
Do not publish